Chief Justice Watkins delivered the Opinion of the Court'. As this case, according to the opinion of the court, turns on a single point, it will only be necessary to refer to so much of the' record as explains it, without intending to pass upon any other of the errors assigned. The Substance of the charge in the indictment is, that the dey fendant being the occupant of a certain house, knowingly per-' mitted divers persons, whose names were unknown to the jurors; to play and game together therein, at a certain unlawful game of cards called pocre. The 1st section of the statute, (Digest, title Crim. Law, art. 3,) is aimed at those who set.up, keep, or exhibit what are known as' banking games, or gaming tables, against which persons bet, such as roulette, rouge et noir, faro, and the like; and the exhibition of which is commonly understood to be a challenge to all' persons to bet against them. Those offending against this section, are to be fined in any sum not less than $100, and- may be imprisoned any length of time not less than thirty days nor more than one year. The 2d section punishes, in like manner, any person directly or indirectly interested or concerned in any gaming prohibited by the 1st section of the title, as by furnishing money, &c. The 3d section punishes any person guilty of betting on any of the games prohibited by the first section, by a fine not exceeding $100 nor less than $50. The fourth section (upon which the appellant was indicted) is as follows : “ If the owner' or occupant of any house, out house, or other building, or any steamboat or other vessel, shall knowingly permit or suffer any of the before mentioned games, tables, or banks, or shall suffer any kind of gaming under any name whatever, to be carried on,- or exhibited in their houses, or out houses,” &c., “ on conviction1 thereof, any such owner or oecupant shall be punished as is pro-' vided in the first section of this title.” The 5th section enacts that every keeper or exhibiter of any of the gaming tables or banks prohibited by the names given, or by any other name or' device, shall be deemed a vagrant. The 6th and- 7th relate to the issuance and proceedings under search warrants “ for such: gaming tables or devices hereinbefore mentioned or referred to.” The 8th section is as follows : “ If any person shall be guilty of betting any money, or any valuable thing on any game of brag, bluff, pocre, seven-up, three-up, vigntun, whist,” &c., “or at any other game at cards, known by any name now known tb the laws, or with any other, or new name, or without any name, he shall on conviction be fined in any sum not less than $10,hior more than $25.” The remaining sections of the title are not material to be stated. An attentive perusal of the statute makes the conclusion almost irresistible that the first seven sections are intended to relate exclusively to the banking games, whether called by the names specified, or by any new name or device. They are usually exhibited by persons whose occupation it is to prey upon the community, and who are therefore peculiarly obnoxious to the laws, which design also to punish, with equal severity, those who allow them to be exhibited in their houses. So, too, the mere act of betting against any of the banking games, subjects the offender to a fine not exceeding a hundred nor less than fifty dollars, whereas the betting on any of the smaller games mentioned or referred to in the 8th section, is punishable by a fine of not less than ten, nor more than twenty-five dollars. Again: the of-fence prohibited in the 4th section, is not that of keeping a common gaming house, which implies frequency or continuance of the act permitted, but the offence of the owner or occupant is complete if he suffer a single act of the exhibition of any of the games designed to be so prohibited; and it follows an unavoidable consequence, if the construction to be given to the 4th section is, that it applies to or includes the smaller games mentioned in the 8th section, the owner or occupant, if he knowingly permit a single game of whist to be played in his house, upon which any thing of value is bet, becomes liable to what must be considered a harsh and unreasonably severe- penalty, not warranted by the context or purview of the statute, at variance with its obvious policy, and calculated to render a wholesome law odious and inoperative. Our opinion is, that the offence, designed to be punished by the 4th section, is the suffering or permitting to be carried on or exhibit in any house, &c., by the owner or occupant thereof, any of the banking games, gaming tables or devices prohibited in the first section, and not the playing or betting at any of the games mentioned in the 8th section. The distinctions adverted to, have forced themselves on this court in several cases, as will appear in Drew vs. The State, 5 Eng. 82. Parrott vs. The State, ib. 574. Brown vs. The State, ib. 607, and Moffatt vs. The State, 6 ib. 169; and one of the consequences resulting from those is the marked difference as to the manner of charging the offence of betting. Where the betting is against one of the banking games, it is sufficient for the indictment to charge that the defendant bet against such bank or table ; but where it is upon any of the kind of games embraced within the 8th section, the indictment must set out the names of the persons by whom the game was played. Such an extended comment upon the statute would be uncalled for, but for the opinion of this court in the case of Mathis vs. The State, (3 Ark. 84,) which requires to be noticed. In that case, the defendant was indicted for suffering gaming to be carried on in his house. The indictment contained four counts: two of them for permitting certain of the games mentioned in the 1st section, and the other two for permitting certain of the games mentioned in the 8th section. The indictment was quashed on the ground that the two counts last referred to were defective, and the State brought up the case on error. The point decided by the court was, that if there be several counts, some of which are good, the whole indictment will not be quashed because one of the counts may be defective, but the defendant would ordinarily be put to his demurrer or plea to the indictment; and that was the error for which the judgment there was reversed. It is true that the court went on to venture the opinion, and it is nothing more, that the language of the 4th section is explicit and comprehensive enough to include every species of gaming allowed to be carried on or exhibited, be the name or denomination what it may. So it would seem at first blush, and the court there justly say, that, upon the rigid and faithful enforcement of the law, much of the peace and good order of civil society de■pends. But upon deliberate consideration, we are convinced that so much of the opinion in The State vs. Mathis, as extends the .offence intended to be punished by the 4th section, to the suffer.ance, by the owner of any house, of the playing of the smaller games mentioned in the 8th section, is not in accordance with what seems to be the object and policy of the statute, but rather calculated to defeat it. That portion of the opinion in Mathis vs. The State, has already been shaken by the later decisions referred to, and the question is now presented in a shape that requires a direct adjudication. It follows, from the opinion here expressed, that the indictment in this case is insufficient, and the judgment ought to ¡be reversed, and the defendant discharged from prosecution,